# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| B.H., minor student, by her Mother & Next Friend, S.H., and Each Individually | ) ) ) | |
| Plaintiffs, | ) ) | No. 08 C 4974 |
| v. | ) ) | Honorable Charles R. Norgle |
| JOLIET SCHOOL DISTRICT 86, | ) ) | |
| Defendants. | ) ) | |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the Court is an Amended Motion for Supplemental Evidence filed on behalf of Plaintiff B.H., minor student ("B.H."), by her Mother and Next Friend, S.H., and each individually (collectively "Plaintiffs"), pursuant to 34 C.F.R. § 300.516(c)(2). This regulation outlines the procedural safeguards to which plaintiffs are entitled under the Individuals with Disabilities Education Improvement Act ("IDEA"). The complaint contains an appeal of a decision issued by an Independent Hearing Officer ("IHO") with the Illinois State Board of Education. Beyond the limited appeal, Plaintiffs also seek attorney's fees and allege a violation of § 504 of the Rehabilitation Act for disability discrimination. For the following reasons, the motion is denied.

## I. BACKGROUND

### A. FACTS

At the time Plaintiffs filed this suit, B.H. was 13 years old and a student in the Joliet School District (the "District"). Compl. ¶ 16. She had been diagnosed with a learning disability, attention deficit disorder and an auditory processing deficit. Id. The District provided B.H. with

special education services until, at an unspecified time, the District determined that B.H. was no longer eligible to receive those services. Id. ¶¶ 19, 20. In 2006, however, the District agreed to reevaluate B.H. to determine her eligibility to receive special education once again. Id. ¶ 25. Thereafter, while the parties grappled with an assortment of issues, including the District's refusal to pay for B.H.'s Independent Educational Evaluation, B.H.'s mother paid for a neuropsychological evaluation by a Dr. Rudy Lorber ("Dr. Lorber"). Id. ¶¶ 29-31.

Plaintiffs eventually filed a complaint with the Illinois State Board of Education, alleging that the District committed several violations of the IDEA. Id. ¶ 34. Plaintiffs amended the complaint on January 11, 2008. See id. ¶ 39; see also Def.'s Resp., Ex. C. There, Plaintiffs asserted six separate issues for the IHO's determination, though issue number four is the only issue germane to the present motion. See Def.'s Resp., Ex. C.

Issue number four involves a dispute that arose during the parties' attempt to schedule an Individualized Education Program meeting ("IEP Meeting") for B.H. By way of background, the IDEA guarantees a free and appropriate public education ("FAPE") to every disabled child who attends a public school that receives public funds. 20 U.S.C. §§ 1400(d)(1)(A), 1412(a)(1). And, to ensure that children receive a FAPE, the IDEA further requires that the school district cooperate with the student's parents to create a written IEP for each student. 20 U.S.C. § 1401(14). But B.H. did not receive an IEP because the parties could not agree on a time at which they would sit down and compose one for her. Plaintiffs raised the issue with the IHO in a letter dated November 11, 2007. Def.'s Resp., Ex. A., Ltr. to IHO at 1.

According to the letter, Plaintiffs requested that the District conduct an IEP Meeting at a time Dr. Lorber was available so that he could interpret the lengthy evaluation he compiled with respect to B.H. See id. The extent to which Dr. Lorber's written words required interpretation,

2

however, is not clear. Dr. Lorber is a psychologist and not a doctor of medicine, as in the case of a psychiatrist. However, Dr. Lorber had started a new job as a public school district psychologist in California, and because he did not want "to risk his new position at a public school by being absent from work in order to participate in an IEP Meeting," Plaintiffs insisted that he participate by telephone at 6:30 p.m., outside the normal school day hours. Id. The District responded that it would not agree to hold an IEP Meeting at 6:30 p.m., but instead offered to convene the IEP Meeting during regular school hours, from 8 a.m. to 2:30 p.m. Def.'s Resp., Ex. C. This 8:00 a.m. to 2:30 p.m. timeframe represented the District's contractually-fixed start and end times for its certified staff and teachers. Def.'s Resp. at 7 (citing the administrative record). Plaintiffs refused the alternative times and, in turn, sought to reopen their complaint before the Illinois State Board of Education. Def.'s Resp., Ex. A., Ltr. to IHO at 1.

## B. PROCEDURAL HISTORY

In addressing the motion to reopen the complaint, Plaintiffs requested that, once the case is reopened, the IHO immediately "rule on the point of law regarding equal access to meeting times after normal school day hours for parents of children with disabilities just as the District allows for parents of children in the general education program at the District." Id. at 2. On December 13, 2007, in line with Plaintiff's request, the IHO issued an order titled, "Preliminary Order Re Sufficiency." Def.'s Resp., Ex. B, Preliminary Order #1 at 1. There the IHO stated, with little reasoning, that Plaintiffs' "request for an Order that the school district convene an IEP meeting outside its regular business hours, more specifically at 6:30 p.m., is denied." Id.

Despite the IHO's ruling, Plaintiffs filed an amended complaint by which they challenged once again the validity of the District's refusal to hold an IEP Meeting outside the school's regular business hours. In response, the District filed a motion to dismiss, arguing that the issue

3

with respect to scheduling the IEP Meeting was moot as a result of the IHO's prior order. The IHO allowed the parties to brief the motion to dismiss and thereafter, on February 13, 2008, the IHO issued a second preliminary order. Importantly, however, in deciding the scheduling issue the IHO did not allow Plaintiffs the opportunity to conduct discovery or to submit additional evidence beyond the arguments contained in the parties' briefs. Instead, the IHO decided the issue as a matter of law, relying on the applicable provisions of the federal regulations, the Illinois administrative code and the Illinois State Board of Education's Special Education Policies and Procedures. Specifically, the IHO found:

> Counsel for the school district argues that by Preliminary Order issued December 13, 2007 the hearing officer denied a prior request for this relief and thus the matter is moot. In her response to the Motion to Dismiss the parent now asserts that because the IDEA requires that IEP meetings be conducted at mutually agreed times, it necessarily follows that the school district must convene an IEP meeting at any time convenient to the parent. Counsel for the parents apparently has missed the word "mutually" in IDEA. The assertion that the school district acquiesce in the parent[s'] demand is patently absurd.

Def.'s Resp., Ex. D, Preliminary Order #2 at 1. The IHO noted that the "mutually agreed" requirement applied to both parties pursuant to ILL. ADMIN. CODE tit. 23, § 226.530 and 34 C.F.R. §§ 300.211, 300.322. See Preliminary Order # 2 at 1. The IHO ultimately found that it was reasonable to schedule an IEP Meeting that begins and ends in accordance with the contractually-identified hours of the District's certified staff. Id. at 2. The IHO went on to say that its finding is "entirely consistent with the recommended procedures found in Section VII of the ISBE Special Education Policies & Procedures," which states:

> The school district shall take steps to ensure that one or both parents of the student are present at all IEP meetings. These steps must consist of reasonable efforts to convince parents to attend the meeting and must include scheduling the meeting at a mutually agreed upon time and place (IEP meetings are typically convened during regular school hours or before school or after school in the building where the child attends school or may attend).

4

Preliminary Order #2 at 2. With that, the IHO ended her discussion on this issue, finding that she lacked jurisdiction to decide whether the District's refusal to schedule an IEP Meeting outside normal school hours violated § 504 of the Rehabilitation Act or parallel provisions of the Americans with Disabilities Act ("ADA"). In that same vein, the IHO declined to exercise jurisdiction over any issues, beyond the scheduling issue, with respect to any alleged violations of § 504 or the ADA. See Preliminary Order #2 at 2-4. Accordingly, the IHO dismissed Plaintiffs' "claim that the school district must hold an IEP meeting at 6:30 p.m. [ ], with prejudice." Id. at 4.

Plaintiffs filed a complaint in this Court on September 5, 2008. Count I is an appeal from the IHO's final order issued on June 4, 2008 in case number 2008-0245 before the Illinois State Board of Education. Compl. ¶¶ 75-77. Count II seeks attorney's fees and costs, alleging that Plaintiffs prevailed on a significant issue during the administrative proceedings. Id. ¶¶ 80-85. Count III alleges disability discrimination in light of the District's unwillingness to schedule IEP Meetings for disabled students after-hours, while allowing after-hours meetings for nondisabled students. Id. ¶¶ 90-94. To support their claims, Plaintiffs filed a motion for supplemental evidence, attempting to conduct additional discovery beyond what was admitted during the administrative proceedings. The motion is fully briefed and before the Court.

## II. DISCUSSION

### A. STANDARD OF DECISION

The IDEA provides that when reviewing an administrative decision the court "shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and basing its decision on the preponderance of the evidence, shall grant such relief as the court determines appropriate." 20 U.S.C. § 1415(i)(2)(C). In deciding these suits,

the Seventh Circuit has instructed district courts to give "due weight" to the outcome of the administrative proceedings and not to substitute its "own notions of sound educational policy for those of the school authorities" whose decision the court is reviewing. <u>Bd. of Educ. of Twp. High Sch. Dist. No. 211 v. Ross</u>, 486 F.3d 267, 270 (7th Cir. 2007).

As to the IDEA's "shall hear additional evidence" language, courts have construed the statute to provide the district court with discretion to determine whether to hear additional evidence, notwithstanding the use of the qualifier "shall." <u>Konkel v. Elmbrook Sch. Dist.</u>, 348 F. Supp. 2d 1018, 1020 (E.D. Wis. 2004) (citing <u>Walker County Sch. Dist. v. Bennett ex. rel. Bennett</u>, 203 F.3d 1293, 1299 (11th Cir. 2000) (aligning itself with <u>Monticello Sch. Dist. No. 25 v. George L. on Behalf of Brock L.</u>, 102 F.3d 895, 901 (7th Cir. 1996)). Under this interpretation, a "district court is not required to allow all evidence proffered by a plaintiff in an IDEA proceeding." <u>Monticello Sch. Dist. No. 25</u>, 102 F.3d at 901. In fact, in the Seventh Circuit, district courts are advised not to receive additional evidence beyond the administrative record absent a strong justification for the failure to present such evidence at the administrative level. <u>See</u> <u>H.H. v. Ind. Bd. of Special Educ.</u>, No. 06 C 551, 2007 WL 2914461, at *2 (N.D. Ind. Oct. 3, 2007) (citing <u>Monticello Sch. Dist. No. 25</u>, 102 F.3d at 901-02); <u>see also</u> <u>St. Joseph-Ogden Cmty. High Sch. Dist. No. 305 v. Janet W.</u>, No. 07 C 2079, 2008 WL 170693, at *9 (C.D. Ill. Jan. 17, 2008). "Ultimately, discretion is left to the trial court to determine whether to allow evidence beyond the administrative record, so long as the evidence would not change the character of the hearing from one of review to a trial de novo." <u>Patricia P. v. Bd. of Educ. of Oak Park</u>, 203 F.3d 462, 470 (7th Cir. 2000); <u>Monticello Sch. Dist. No. 25</u>, 102 F.3d at 901 (citing <u>Town of Burlington v. Dep't of Educ.</u>, 736 F.2d 773, 791 (1st Cir. 1984)).

## B. REQUEST FOR ADDITIONAL EVIDENCE

Plaintiffs seek to supplement the administrative record in two areas. First, they seek additional evidence with respect to the IHO's preliminary determination that the District properly refused to schedule an IEP Meeting outside the school's regular hours. Second, Plaintiffs seek additional evidence as to all other claims decided by the IHO at the administrative hearing. The Court shall discuss each of these requests in turn.

### 1. Additional Evidence as to the IHO's Preliminary Order

As to their first request, Plaintiffs argue that the IHO improperly denied them an evidentiary hearing on the scheduling issue, which "led to an improper exclusion of evidence by an administrative officer." Pl.'s Mot. at 7. Beyond this assertion, Plaintiffs failed to explain how the denial of an evidentiary hearing, prior to a preliminary ruling, constitutes an improper exclusion of evidence. In reaching this conclusion, Plaintiffs neither cite case law, nor offer any significant reasoning except to say that the additional evidence "is important" for their case. At the same time, however, Plaintiffs concede that the IHO allowed them to brief the scheduling issue, which likely included an opportunity to submit affidavits and declarations in support of their position. But this, according to Plaintiffs, was not enough. Plaintiffs are now asking this Court to allow them the opportunity to admit a heap of additional evidence that would ultimately "undercut the statutory role of the [IHO's] administrative expertise." See Bd. of Educ. of Arlington Heights Sch. Dist. No. 25 v. Jamie H., No. 98 C 5370, 2001 WL 585149, at *3 (N.D. Ill. Mar. 19, 2001). Such a request is unavailing.

In response to Plaintiffs' request, the District asserts that there is no need for additional evidence because it was within the IHO's authority to issue an order on a question that Plaintiffs presented prior to the administrative hearing. In other words, according to the Defendants, the

Plaintiffs are the ones who requested the IHO's preliminary decision in the first place, and thus they should not be allowed to treat the IHO's order as a mere "dress rehearsal" for the appeal. The Court agrees with the District's position. Plaintiffs had a sufficient opportunity to submit their arguments to the IHO with respect to the scheduling issue. The IHO, in turn, considered the parties' arguments and found that regardless of any evidence the Plaintiffs did or did not submit, the District rightfully refused to schedule a time for the IEP Meeting outside of the school's regular hours. According to the IHO's order, its decision was supported by the federal regulations, the administrative code and the Illinois State Board of Education's Policies and Procedures. As such, any additional evidence that Plaintiffs intend to submit likely will not disturb the IHO's preliminary decision in this Court. On the other hand, it will only delay the resolution of the suit and further chip away at the IDEA's goal of finality. See Konkel, 348 F. Supp. 2d at 1021.

Also, with respect to Count I, it makes no difference whether Dr. Lorber was allowed to participate in the IEP Meeting, or whether he was only available to participate in an IEP Meeting at 6:30 p.m. The IHO found, either way, that the Plaintiffs' insistence that the District hold a meeting at 6:30 p.m. was contrary to the IDEA's "mutually agreed" standard. It is undisputed that the District presented Plaintiffs with the option of conducting an IEP Meeting at several alternative times, but Plaintiffs refused. But how a psychologist employed at a public school in California would "risk" his position by participating in a telephone conference call on an agreed date between the hours of 8:00 a.m. and 2:30 p.m. Central Time is not clear in the pleadings. The rigidity and demands of his position as a school psychologist are not established, nor are the inflexible refusals of his superiors to allow time to participate by phone in any way indicated. It should come as no surprise that after an expert prepares a report for a patient that the probability

8

of a personal or telephonic presence may later be required. None of this is made clear by the Plaintiffs. Under these circumstances, the Court agrees with the District's contention that "Plaintiffs are not entitled to re-try their issues with a different litigation strategy because their previous approach (i.e. requesting a preliminary order on the issue) failed before the [IHO]." Def.'s Resp. at 5.

Furthermore, Plaintiffs' argument that they "had a statutory right to an evidentiary hearing on all issues raised" at the administrative level is misplaced. See Pl.'s Reply at 3. As the District points out, Plaintiffs are the ones that requested a preliminary determination, for which the IHO found that an evidentiary hearing was unnecessary. Rather than waiting for the due process hearing to argue their position, Plaintiffs wrote a letter to the IHO, seeking to reopen the case and, once the case was reopened, requesting that the IHO "rule on the point of law regarding equal access to meeting times." See Ltr. to IHO at 2. In response, the IHO did as Plaintiffs requested. It reopened the case and, thereafter, denied Plaintiffs' "request for an order that the school district convene an IEP meeting outside its regular business hours . . . ." Id. For this, the Court finds that Plaintiffs' statutory rights were not violated. In the end, Plaintiffs have not provided the Court with a sufficient justification for allowing additional evidence on this issue.

Finally, it is significant that much of what Plaintiffs seek to discover is already included in the administrative record. Plaintiffs fail to address this point in their reply brief. Nevertheless, the District is correct to say that there is no need to admit additional evidence when that evidence is redundant or duplicative of the exhibits that are already before the Court. See Knable ex rel. Knable v. Bexley City Sch. Dist., 238 F.3d 755, 771 (6th Cir. 2001) (affirming the denial of additional testimony that was duplicative of the evidence presented at the

administrative hearing); A.S. v. Trumbull Bd. of Educ., 359 F. Supp. 2d 102, 104 (D. Conn. 2005) (noting that the court could not determine whether the proffered evidence would be truly supplemental or merely duplicative); K.I. v. Montgomery Public Schools, No. 06 C 905, 2008 WL 4493435, at *2-3 (M.D. Ala. Sept. 30, 2008) (denying motion for supplemental evidence because the proposed testimony would "be cumulative and duplicative of the evidence presented during the [administrative] hearing") (citing West Platte R-I Sch. Dist. v. Wilson, 439 F.3d 782, 785 (8th Cir. 2006)). To the extent the proffered evidence is duplicative of the administrative record, Plaintiffs' request to submit this evidence is denied.

## 2. Additional Evidence as to Issues Decided in the IHO's Final Order

As to the second request, Plaintiffs once again fail to provide the Court with any justification as to why the admission of such additional evidence is necessary. In fact, Plaintiffs concede that much of the additional evidence may already be in their possession. In their reply brief, Plaintiffs request various documents from the District "to the extent [the District] has not already provided [them] to the Plaintiffs." Pl.'s Reply at 9. Beyond this concession, Plaintiffs failed to provide any detailed reasoning or legal support for their request, which remains entirely undeveloped. The argument on this point is therefore waived. E.g., Argyropoulos v. City of Alton, 539 F.3d 724, 739 (7th Cir. 2008) (noting that undeveloped and legally unsupported arguments are waived).

Plaintiffs next seek to admit Dr. Lorber's evaluation of B.H., as well as his deposition testimony should it become available. In support, Plaintiffs argue that "[t]his evidence is relevant and essential to the entire case of the Plaintiffs as he was the Plaintiffs' main evaluator of the needs of the Student." Id. And, according to Plaintiffs, they need Dr. Lorber's testimony "to show the knowledge of auditory processing as a suspected disability early on, and it would

assist the Court in understanding the adverse effects on the Student from the procedural violations of the District . . . ." But the Court remains unconvinced that Dr. Lorber's testimony will assist the Court in determining whether the hearing officer erred in her ruling. The District made clear that the IHO found that Dr. Lorber's testimony was irrelevant because the due process issues were only procedural. Def.'s Resp. at 9. Further, according to the District, the parties stipulated that they were not challenging the appropriateness of B.H.'s education. Id. at 9-10. In this way, to allow additional reports and deposition testimony that bolster the substance of Plaintiffs' claims would inevitably change the character of the hearing from one of review to a trial de novo. Monticello Sch. Dist. No. 25 v. George L., 102 F.3d 895, 901 (7th Cir. 1996) (citing Town of Burlington v. Dep't of Educ., 736 F.2d 773, 791 (1st Cir. 1984)). This is entirely improper. The additional evidence that Plaintiffs seek to admit is outside the scope of Plaintiffs' limited appeal. On this point, the motion is denied.

### III. CONCLUSION

For the reasons stated above, Plaintiffs Amended Motion for Supplemental Evidence is denied.

IT IS SO ORDERED.

ENTER:

CHARLES R. NORGLE, Judge
United States District Court

DATED: 4-30-09

11